DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| The Northwestern Mutual Life Insurance Company, | ) ) ) | CASE NO. 5:09 CV 777 |
| Plaintiff, | ) ) | |
| v. | ) ) | MEMORANDUM OPINION AND ORDER |
| Emily Rafi, et al., | ) ) | |
| Defendants. | ) ) ) | |

Pending before the Court in this interpleader action is defendant Emily Rafi's motion to quash pursuant to Federal Rule of Civil Procedure 45(c)(3) a subpoena of the records custodian of Shaw, Jacobs & Associates.  ECF 47.  The subpoena was issued by defendants Raymond L. Candage, Jr. and Robert D. Candage, who have opposed the motion to quash.  ECF 48.

For the reasons discussed below, defendant Emily Rafi's motion to quash is DENIED.

A.    Factual and Procedural Background

Plaintiff Northwestern Mutual Life Insurance Company (Northwestern) filed this interpleader action in connection with a dispute regarding distribution of the proceeds of a life insurance policy covering the life of Raymond L. Candage, III (Policy).  Northwestern deposited the Policy proceeds with the Court and was excused from further participation in these proceedings.  *See* ECF 38 and 39.  Remaining before the Court is the dispute between defendants Raymond L. Candage, Jr. and Robert D. Candage (the Candage Defendants) and Emily Rafi (Rafi) regarding their respective claims to the Policy proceeds.

(5:09 CV 777)

The Policy was purchased by Raymond L. Candage, Jr., the decedent's father. The named beneficiary on the Policy is Robert D. Candage, the decedent's brother. At the time of his death in December 2008, Raymond L. Candage, III was in the midst of divorce proceedings with his wife, Emily Rafi. Rafi contends that during the divorce proceedings, Raymond L. Candage, III agreed to change the Policy's beneficiary designation for $250,000 of the Policy's proceeds to his two year old son, Evan Candage. Raymond L. Candage, III was killed in a car accident before the conclusion of the divorce proceedings. No change was ever made regarding the Policy's beneficiary.

B.     Rafi's Motion to Quash

The subpoena for documents in question was issued by the Candage Defendants to Shaw, Jacobs & Associates. Shaw, Jacobs was Rafi's divorce counsel in the divorce proceedings between Rafi and Raymond L. Candage, III. Raymond L. Candage, III was represented by Joseph Del Preto.

The ten document requests are contained at ECF 48-2. In general, the request is for documents relating to communications between Shaw, Jacobs and Raymond L. Candage, III, Joseph Del Preto, and Northwestern Mutual Life Insurance Company regarding insurance policies and negotiations, proposals, and draft or completed settlement agreements in connection with the divorce proceedings between Rafi and Raymond L. Candage, III. The eleventh document request seeks a descriptive list of any documents withheld and the reason for withholding the documents from production.

2

(5:09 CV 777)

Rafi argues in her motion that the Candage Defendants' document requests are overly broad, not relevant and/or protected by attorney-client privilege and/or work-product doctrine. *See* ECF 47.  The Candage Defendants oppose the motion on the grounds that Rafi's claim to the life insurance proceeds is based on an alleged agreement reached in connection with the divorce proceedings and that requests for documents shared between Shaw, Jacobs and others regarding the divorce proceedings are not privileged or otherwise protected.  *See* ECF 48.

C.     Law and Analysis

     1.     Document Request Reasonably Calculated to Lead to the
            Discovery of Admissible Evidence under Rule 26

Federal Rule of Civil Procedure 26 provides for discovery of any matter that is relevant to the subject matter of the pending action.  Discovery requests are generally not objectionable if the information sought appears to be reasonably calculated to lead to the discovery of admissible evidence, and Rule 26 is to be liberally construed to allow broad discovery.  *Sollitt v. KeyCorp,* 2009 WL 723196 (N.D. Ohio) (citing Rule Fed. R. Civ. P. 26(b)(1) and *U.S. v. Leggett & Platt, In.,* 542 F.2d 655, 657 (6th Cir. 1976) (commenting that the "Federal Rules of Civil Procedure authorize 'extremely broad' discovery")).

In this case, Rafi claims that Evan Candage's right to Policy proceeds arises from an "agreement" reached as part of the divorce proceedings between Rafi and Raymond L. Candage, III.  However, the divorce proceedings were not completed and no change was made to the Policy's beneficiary designation before Raymond L. Candage, III's untimely death.  Rafi has placed the divorce proceedings at issue in this case because those proceedings form the basis for her claim regarding the Policy proceeds.

3

(5:09 CV 777)

The Court concludes that the requested documents relating to the divorce proceedings between Rafi and Raymond L. Candage, III are relevant to the present litigation, reasonably calculated to lead to the discovery of admissible evidence, and within the scope of discovery allowed by Rule 26.  The Candage Defendants should not be required to rely on Rafi's determination of what records are relevant and discoverable.

   2.  <u>Requested Documents Not Protected *In Toto*</u>
      <u>From Disclosure by Privilege or Work-Product</u>

Rule 26(b)(1) allows parties to obtain discovery regarding any "nonprivileged matter." Rule 26(b)(5) requires that a party withholding information otherwise discoverable on the basis that the material is privileged or subject to protection as trial preparation material must assert that the withheld material is privileged or subject to protection as trial preparation material and describe the nature of the document or communication withheld in a manner that enables the other parties to assess the claim of privilege.  The Court notes that the Candage Defendants' document request eleven seeks a descriptive list of any documents withheld from production and the reason for withholding the documents.

Rafi's motion to quash contends that the Candage Defendants' subpoena to Shaw, Jacobs & Associates requests documents that are protected by attorney-client privilege and work-product doctrine.  However, the Court concludes that Rafi's motion to quash the entire document request is overly broad.  The request on it face seeks documents relating to communications between Shaw Jacobs and individuals and institutions other than Rafi.  With respect to documents relating to Shaw, Jacobs' communications with Rafi, those communications may or may not be privileged, and even if privileged, may be waived.  Claims of privilege are narrowly

4

(5:09 CV 777)

construed because the privilege reduces the amount of discoverable information.  *In re*

*Columbia/HCA Healthcare,* 293 F.3d 289, 294 (6th Cir. 2002).  However, determinations

regarding privilege

and work-product are premature at this time and will be made, if and when necessary, on a

case-by-case basis.

D.      Conclusion

        For the reasons discussed herein, defendant Rafi's motion to quash (ECF 47) is DENIED.

Any documents withheld from production in response to the Candage Defendants' documents

requests to Shaw, Jacobs based on privilege or work-product should be handled in a manner

responsive to document request number eleven and in accordance with the Federal Rules of Civil

Procedure.

        IT IS SO ORDERED.


  October 26, 2009                              *s/ David D. Dowd, Jr.*
Date                                     David D. Dowd, Jr.
                                         U.S. District Judge


5