December 21, 2009

VIA ELECTRONIC MAIL

The Honorable David D. Dowd, Jr.
U.S. District Court for the Northern District of Ohio
402 United States Court House
Federal Building
Two South Main Street
Akron, OH 44308-1818

    Re:    The Northwestern Mutual Life Insurance Co. v. Emily Rafi, et al.
             Case No. 5:09-cv-00777 (DDD) (N.D. Ohio)

Your Honor:

      This letter is submitted on behalf of Defendants Robert D. Candage and Dr. Raymond L. Candage, Jr. pursuant to Local Civil Rule 37.1(a). While we have sought to try to resolve this discovery dispute with Emily Rafi, it appears as though we have reached an impasse as it relates to documents and testimony of a witness in this action: Joseph Del Preto.

      Mr. Del Preto served as the attorney representing Raymond L. Candage, III (the decedent that is the subject of the life insurance policy dispute before this Court) in the divorce proceedings that were pending against Emily Rafi prior to his death. As this Court may recall, it is Ms. Rafi's assertion that there was an agreement reached during those divorce proceedings relating to the life insurance policy at issue in this matter. The Candages deny the existence of any such agreement.

      Mr. Del Preto was representing Ray, the decedent, during that critical time period. There were communications between Ray and Mr. Del Preto, some of which included Ray's father, Dr. Raymond Candage, Jr., that involved detailed discussions about the Northwest Mutual policy, and the intentions of Ray, Robert, and Dr. Candage that the policy not be included in any divorce settlement discussions between Ray and Emily.

      Ms. Rafi has instructed Mr. Del Preto that he is not permitted to testify as to any such communications based upon the claim of attorney-client privilege. Mr. Del Preto therefore has raised his concern that absent this Court's order to the contrary, he is unable to testify because of the attorney-client privilege being asserted by Ms. Rafi.

      The "common interest doctrine" serves to destroy any such claim of privilege in this situation. That doctrine permits the disclosure of a privileged communication without waiving the attorney-client privilege, provided the parties have an identical legal interest with respect to the subject matter of the communication. See, *Liberty Glass, Inc. v. Oneida, Ltd.*, 197 F.R.D. 342 (N.D. Ohio 1999).

      Dr. Candage, Robert, and Ray very clearly had an identical legal interest with respect to the preservation of the Northwestern Mutual policy. The communications between Mr. Del Preto and Ray regarding the policy are therefore subject to discovery. This is especially true when Mr. Del Preto and Ray included Dr. Candage in some of these communications relating to the policy and the ongoing divorce proceedings between Ray and Emily.

      Although we have tried to resolve this issue with Ms. Rafi and her legal counsel, they insist on asserting the attorney-client privilege to prevent Mr. Del Preto from producing file documents and from testifying about communications between he and his client, some of which included Dr. Candage, as they relate to the Northwestern Mutual policy. In light of this impasse, we require the Court's assistance in resolving this dispute or ruling on the matter.

      For the above-stated reasons, Defendants Robert and Raymond L. Candage, Jr. respectfully ask the Court for a telephone conference pursuant to Local Rule 37.1 to address this matter.

                              Very truly yours,

                              *David L. Dingwell*

dld

cc:    Mr. Jack Cooper, Esq.